



| **MURIEL GOODE-TRUFANT**<br>*Acting Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | **ALEXANDRA CORSI**<br>*Senior Counsel*<br>acorsi@law.nyc.gov<br>Phone: (212) 356-3545 |
|---|---|---|

June 13, 2024

**By ECF**
Honorable Dale E. Ho
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re: <u>Christopher Robinson v. City of New York et. Al.</u>
       24- CV-03283 2324 (DEH)

Your Honor:

  I am a Senior Counsel in the Office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, and the supervising attorney handling the defense[1] of this matter for defendant City of New York (the "City"). For the reasons set forth below, defendant City writes to respectfully request a stay in the above-referenced matter pending the resolution of Plaintiff, Christopher Robinson's criminal prosecution, which involves the same incident alleged in the instant complaint. To the extent the Court is inclined to grant the within request, defendant City also respectfully requests to be relieved of the obligation to file a proposed discovery schedule and an adjournment, *sine die*, of the June 18, 2024 Initial Conference.[1] Plaintiff's counsel, Vik Pawar, does not consent to these requests and has indicated that he will submit his objections to Your Honor separately in writing

  As an initial matter, the undersigned and ACC Anumeha Tanya sincerely apologize for missing the June 11, 2024 deadline to file the proposed discovery schedule, which the Court has graciously extended to June 14, 2024; the missed deadline was due to an oversight on our part and we apologize.

  By way of background, Plaintiff filed the instant action on April 30, 2024, pursuant to 42 U.S.C. § 1983, against the City of New York and John and Jane Does alleging, *inter alia*, that, on December 21, 2023, he was unlawfully seized and imprisoned, subjected to excessive force, and that he has been maliciously prosecuted and denied the right to a fair trial as a result. (Compl. at "Eighth Cause of Action" and ¶¶43-48) Specifically, Plaintiff alleges that on December 21, 2023, unidentified NYPD officers arrived at his home and conducted a warrantless search. (Compl. at

---

[1] This non-dispositive motion for a stay is submitted in letter motion form, pursuant to Local Rule 7.1(d).

¶7) Plaintiff alleges the officers found a blade in his toolkit which he uses for plumbing, and that he was violently handcuffed, and taken to a precinct where he was searched and further subjected to force. (Compl. at ¶7-13) Plaintiff claims that he was ultimately taken to court and released after 56 hours, however, there are no allegations in the complaint as to the disposition of any related criminal case. (Compl. at ¶14)

On May 1, 2024, the Court designated this case for participation in Local Civil Rule 83.10 ("the Plan"), and on that same date, the City of New York was served with a copy of the summons and complaint. (Docket Entry Nos. 1, 5) After being assigned to this case, it came to the undersigned and ACC Tanya's attention that Plaintiff failed to serve a copy of the §160.50 and any HIPAA compliant medical records releases, as required by the Plan. (Plan at ¶1) In contacting counsel regarding same, it came to our attention that Plaintiff's criminal case, related to the underlying arrest alleged in the complaint, is still pending. Although Plaintiff's related criminal case is currently open, a §160.50 release is still necessary in this case as it provides the City, pursuant to the Plan, access to "a list of all [of plaintiff's] prior arrests"; moreover, given that Plaintiff alleges he was subjected to excessive force, we further inquired whether Plaintiff has sought any medical treatment for any injuries sustained. (Plan at ¶1(a))  As such, this Office requested the appropriate releases from counsel.  Upon information and belief, a § 160.50 release was provided yesterday, June 12, 2024, however, we are still awaiting receipt of any HIPAA releases.  Accordingly, pursuant to ¶3 of the Plan, the City's response to the complaint is currently due August 12, 2024..

Notwithstanding the above, the City now respectfully requests a stay of this matter, in its entirety, pending a disposition in Plaintiff's related criminal action.  To that end, Plaintiff's counsel has confirmed that Plaintiff's criminal matter related to the arrest at issue in the instant civil action is still being prosecuted in criminal court, and further, this Office's review of the New York State Unified Court System's database ("WebCriminal") demonstrates same.  Specifically, upon information and belief, Plaintiff is being actively prosecuted for an incident resulting in his December 20, 2023 arrest, under case number CR-028162-23BX.[2]. WebCriminal further indicates that Plaintiff's next appearance in his criminal prosecution is scheduled for August 5, 2024.

A stay is appropriate in this case for several reasons.  Federal courts have inherent power and discretionary authority to stay a case as the interests of justice so require. *See United States v. Kordel*, 397 U.S. 1, 12, n.27 (1970). To avoid interference with criminal prosecutions, the court may exercise this discretion when both the civil and criminal proceedings arise out of the same underlying transaction or occurrence. *City of New York v. Gutlove & Shirvint, Inc.*, No. 08-CV-1372 (CBA) (JMA), 2008 U.S. Dist. LEXIS 91016, *4 (E.D.N.Y. Nov. 10, 2008).  "It is well-settled that the Court may (and indeed should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings." *Estes-El v. Long Island Jewish Medical Center*, 916

---

[2] Upon information and belief, and based on a WebCriminal search, it also appears that Plaintiff is being criminally prosecuted on a second matter, case number CR-028161-23BX, which also stems from an arrest on December 20, 2023.  While the complaint alleges that Plaintiff was arrested on December 21, 2023, it is our understanding, given the information on WebCriminal and Plaintiff's counsel representations, that the arrest date in the civil complaint is incorrect, and that Plaintiff was instead arrested on December 20 and not the 21st.

F. Supp. 268, 269 (S.D.N.Y. 1995). *See also, Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) (upholding the district court's exercise of discretion in staying civil proceedings until resolution of parallel criminal proceedings against the defendant). When determining whether to grant such a stay, courts look to six (6) factors: "(1) the extent to which the issues in the criminal case overlap with those in the civil case; (2) the status of the case, including whether the criminal defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to plaintiff caused by the delay; (4) the private interest of and burden on the defendants; (5) the interest of the courts; and (6) the public interest." *Bristol v. Nassau County*, No. CV 08-3480 (JFB) (WDW), 2010 U.S. Dist. LEXIS 39634, *2-3 (E.D.N.Y. Apr. 22, 2010) (citing *Johnson v. NY City Police Dept.*, No. 01-CV-6570 (RCC) (JCF), 2003 U.S. Dist. LEXIS 12111, *2 (S.D.N.Y. July 16, 2003)).

Here, nearly all factors weigh in favor of a stay of this matter pending resolution of Plaintiff's criminal prosecution. First, Plaintiff's civil action arises out of the same occurrence as the pending criminal case, and Plaintiff's counsel and WebCriminal confirm same. As Plaintiff alleges that the individual defendants conducted an unlawful search and seizure, used excessive force to falsely arrest him on the incident date, and he further brings malicious prosecution and denial of the right to fair trial claims as a result of same, the disposition of the criminal matter may significantly impact whether Plaintiff can move forward with this lawsuit. As such, a stay promotes efficiency and conserves judicial resources. Indeed, the resolution of factual and legal issues in the criminal matter are necessary in order for the parties and the Court to resolve the claims and defenses in this civil matter. *See Harris v. Nassau County,* No. 13-CV-4728 (NGG) (RML), 2014 U.S. Dist. LEXIS 94554, *12 (E.D.N.Y. July 8, 2014) (finding that a stay would "narrow the issues before the court, and prevent both parties from performing unnecessarily duplicative work.").

Moreover, a stay of discovery also advances the interests of the public and Plaintiff by enabling the state court criminal prosecution to proceed unprejudiced by a federal civil rights action arising from the same subject matter. *See Johnson*, 2003 U.S. Dist. LEXIS 12111, at *4-5 (staying a Section 1983 action "because the civil action, if not stayed, might undermine the criminal defendant's Fifth Amendment privilege against self-incrimination, expand the rights of discovery beyond the limits of the state's criminal procedure law, expose the basis of the defense to the prosecution, or otherwise prejudice the criminal case."). Accordingly, it is in the judicial economy to await resolution of plaintiff's criminal matter so as to avoid potentially unnecessary motion practice and discovery.

Further, there are no countervailing factors disfavoring a stay in the instant matter. Plaintiff's interest in the expeditious resolution of his claims does not imply that the Plaintiff need not wait for his claims to ripen. *See Harris*, 2014 U.S. Dist. LEXIS 94554, at *9-10 (plaintiff's Section 1983 lawsuit for false arrest and malicious prosecution stayed because the claims depended upon the outcome of plaintiff's underlying criminal prosecution). Further, the purported defendant Police Officers, who upon information and belief are those who were involved in Plaintiff's arrest, may be substantially prejudiced by their inability to effectively communicate with defense counsel due to a concern of impacting the criminal proceedings by creating discoverable materials in those conversations. *See People v. Rosario*, 9 N.Y.2d 286, 289 (N.Y. 1961) (finding that a criminal defendant is entitled to examine prior statements by a witness for the prosecution, whether or not those statements vary from the witness's testimony on the stand).

Accordingly, the City respectfully requests that the Court stay the instant proceedings pending the resolution of plaintiff's active criminal prosecution, relieve the parties of their obligation to file a proposed discovery schedule, and adjourn the initial conference currently scheduled for 10:30 a.m. on June 18, 2024. Thank you for your consideration herein.

> Respectfully submitted,
> */s/ Alexandra Corsi*
>
> Alexandra Corsi
> *Senior Counsel*
> Special Federal Litigation Division

**cc: BY ECF**

Vik Pawar
20 Vesey St., Suite 1210
New York, NY 10007
Ph: (212)-571-0805
Fax: (212) 571-0938
Email:vik@pawarlaw.com

The initial pretrial conference is ADJOURNED to **July 2, 2024, at 12:30 p.m. ET**. The conference will be held via Microsoft Teams. The parties should dial in by calling (646) 453-4442 and entering the Phone Conference ID: 580 339 052, followed by the pound (#) sign. Additionally, in accordance with Paragraph 3.c of the Court's Individual Practices, the parties are hereby **ORDERED** to file on ECF a joint letter, described below, as well as a proposed Civil Case Management Plan and Scheduling Order attached as an exhibit to the joint letter, no later than **June 25, 2024.**

Plaintiff's June 13, 2024 letter indicated Plaintiff would "offer detailed objections for the stay." ECF No. 9. Plaintiffs shall file a letter, not to exceed three pages, in response by **June 18, 2024**.

The Clerk of Court is directed to close ECF No. 10.

SO ORDERED.

*[signature]*

Dale E. Ho
United States District Judge
Dated: June 14, 2024
New York, New York