UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER ROBINSON,<br><br>          Plaintiff,<br><br>v.<br><br>CITY OF NEW YORK, et al.,<br><br>          Defendants. | 24-CV-3283 (DEH)<br><br>**ORDER** |

DALE E. HO, United States District Judge:

In this case, Plaintiff alleges that the individual defendants conducted an unlawful search and seizure, and used excessive force to falsely arrest him; he brings a malicious prosecution claim, among other claims. *See* Compl., ECF No. 1. On June 13, 2024, Defendant City of New York filed a letter-motion to stay this case pending disposition in Plaintiff's related criminal actions. *See* Def.'s Letter-Motion, ECF No. 10. The following day, on June 14, 2024, Plaintiff filed a letter in opposition to Defendant's motion to stay. *See* Pl.'s Opp'n, ECF No. 11. For the reasons set forth below, Defendant's letter-motion to stay this case is **GRANTED.**

Defendant argues that a stay in this case is appropriate because: (1) Plaintiff's civil action arises out of the Plaintiff's prosecution; (2) it is in the interests of judicial economy to wait for resolution of "the criminal matter to avoid potentially unnecessary motion practice and discovery"; and (3) a stay would "enabl[e] the state court criminal prosecution to proceed unprejudiced" and protect criminal defendant's Fifth Amendment privilege. *See* Def.'s Letter-Motion 3. In his opposition, Plaintiff argues that his "private interest in proceeding expeditiously with his civil case . . . weighs heavily against a stay," and that the Court's interest and the public interest also "weigh[] against maintaining a stay." Pl.'s Opp'n 2.

"A district court has the discretionary authority to stay a civil action pending the resolution of a parallel criminal proceeding when the interests of justice so require." *Johnson v. New York City Police Dept.*, 2003 WL 21664882, *2 (S.D.N.Y. July 16, 2003). To determine whether to grant a stay of a civil proceeding with a parallel criminal proceeding, courts have relied on the following factors:

> (1) the extent to which the issues in the criminal case overlap with the those presented in the civil case;
> (2) the status of the case, including whether the criminal defendant has been indicted;
> (3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to plaintiff caused by the delay;
> (4) the private interests of and burden on the defendants;
> (5) the interests of the courts; and (6) the public interest.

*Id.* at *1; *see also Estes-El v. Long Island Jewish Med. Ctr.*, 916 F. Supp. 268, 270 (S.D.N.Y. 1995) (applying a five-factor test). This multi-factor test, "however, no matter how carefully refined, can do no more than act as a rough guide for the district court as it exercises its discretion." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 99 (2d Cir. 2012).

First, there is a significant overlap between the criminal cases and the civil case in that they both arise from the same incident and that evidence developed in one case might be relevant to a defense to the other. The parties do not dispute that the criminal matters and this case arise out of the same events. *See generally* Def.'s Letter-Motion; Pl.'s Opp'n. This factor weighs heavily in favor of Defendant. *See Crawford & Sons, Ltd. v. Besser*, 298 F. Supp. 2d 317, 319 (E.D.N.Y. 2004) ("A stay of civil proceedings is most likely to be granted where the civil and criminal actions involve the same subject matter."). Second, Plaintiff is being prosecuted in two criminal matters and his next appearance in the prosecution is scheduled for August 5, 2024. *See* Def.'s Letter-Motion 2 n.2, 3. But Plaintiff has not been indicted, so this factor does not favor either party. Third, Plaintiff argues his private interest in proceeding expeditiously weighs

against a stay. *See* Pl.'s Opp'n 2. While the Court appreciates that a stay would delay Plaintiff's civil lawsuit, Plaintiff has not explained how this delay would prejudice Plaintiff.

The Court's interest weighs in favor of staying this case. In the interest of judicial economy and efficiency, courts have read the Second Circuit "as strongly suggesting, if not holding" that a stay of a Section 1983 claim should be granted "when a state court criminal prosecution is pending." *Banyan v. Sikorski*, No. 17 Civ. 4942, 2021 WL 3271735, at *3 (S.D.N.Y. July 30, 2021) (citing *Mack v. Varelas*, 835 F.2d 995 (2d Cir. 1987)). In *Wallace*, the Supreme Court noted that if a plaintiff files "any other claim related to rulings that will likely be made in a pending or anticipated criminal trial" "it is . . . in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384 (2007). Staying this case could potentially avoid a wasteful duplication of resources.

On the other hand, if the Court were to deny the stay, it would risk interfering with the pending criminal proceedings. But a stay would enable the criminal prosecution to proceed untainted; it would not "expand the rights of discovery beyond the limits of the state's criminal procedure law, expose the basis of the defense to the prosecution, or otherwise prejudice the criminal case." *Johnson*, 2003 WL 21664882, *2. Thus, it is in the best interest of both the courts and the public to stay this case pending resolution of the criminal prosecution.

Accordingly, Defendant's letter-motion to stay is **GRANTED**. The initial pretrial conference scheduled for July 2, 2024 is **ADJOURNED** *sine die*. *See* ECF No. 12.

All deadlines are **STAYED** pending further Court order. Within **seven (7) days** of the conclusion of the criminal proceedings, parties shall file a joint status letter proposing next steps in this litigation.

SO ORDERED.

Dated: June 18, 2024
       New York, New York

_____
DALE E. HO
United States District Judge

4